UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.:

MICHAEL LEWENZ,

    Plaintiff,

-vs-

ALLY FINANCIAL INC,
a foreign profit corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MICHAEL LEWENZ, by and through the undersigned counsel (hereinafter, "Plaintiff"), hereby sues Defendant, ALLY FINANCIAL, INC., a foreign corporation (hereinafter, "Defendant") for violations of the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act. 559.72(4) ("FCCPA"), and in support thereof states as follows:

## BRIEF INTRODUCTION

1. This is an action for damages under the TCPA and FCCPA resulting from Defendant's relentless debt collection calls.

    **a. TCPA**

2. Under the TCPA, both ATDS and robo-calls are unlawful when made to a cellphone, unless made with the recipient's prior express-written-consent.[1] However, even where

---

[1] *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012); 47 U.S.C. § 227(b)(1)(A)(iii); *see also* 47 C.F.R. § 64.1200(a)(2).

consent is initially provided, the call recipient has the absolute right to revoke consent by any reasonable means, including orally.[2]

3. Importantly, it is Defendant's burden to demonstrate that Plaintiff provided his prior express consent within the meaning of the statute and that this consent was not revoked.

### b. FCCPA

4. The Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. 559.72 et. seq, was adopted to reinforce the consumer rights established by federal law for individuals who owe money to others.

5. Importantly, the FCCPA applies to all persons trying to collect consumer debts, which includes original creditors and debt collectors.

6. The FCCPA, 559.72(4), states in pertinent part:

> Communicate or threaten to communicate with a debtor's employer before obtaining final judgment against the debtor, unless the debtor gives her or his permission in writing to contact her or his employer or acknowledges in writing the existence of the debt after the debt has been placed for collection. However, this does not prohibit a person from telling the debtor that her or his employer will be contacted if a final judgment is obtained.

7. Neither TCPA, the FCCPA, nor this Action's purpose is to exculpate consumers from accountability, but rather, to hold Defendant liable for its willful ignorance of the statutes and restrictions that place constraints on how Defendant may contact Plaintiff to seek accountability.

### PARTIES, JURISDICTION, AND VENUE

8. Plaintiff is a natural person and citizen of the State of Florida.

9. Defendant's principal place of business is in Detroit, Michigan.

---

[2] *See In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, ¶ 64, CG Docket No. 02-278, WC Docket No. 07-135, 2015 WL 4387780, ___ F.C.C. ___ (July 10, 2015); *Coniglio v. Bank of Am., N.A.*, No. 8:14-cv-01628-EAK-MAP, 2014 U.S. Dist. LEXIS 149764, 2014 WL 5366248, at *3 (M.D. Fla. 2014) citing *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1255 (11th Cir. 2014)

10. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227(b)3 because this case arises out of violations of federal law.

11. Plaintiff is a "consumer" as defined by the FCCPA.

12. Defendant is a "person" under the FCCPA and at all material times was attempting to collect a consumer debt.

13. Venue is proper in this Court pursuant to 18 U.S.C. § 1391(b)(2), because Defendant transacts substantial business in the forum and the violative telephone calls at issue were placed in the forum.

## FACTUAL ALLEGATIONS

14. In March 2016, Defendant began placing autodialed and/or prerecorded calls to Plaintiff's cellphone number xxx-xxx-0527, attempting to collect a debt.

15. The debt is the alleged balance of post-lease vehicle repairs, and arose from a personal, household, or family transaction.

16. Plaintiff did not and has not expressly consented to Defendant's ATDS calls to Plaintiff's cellphone.

17. Plaintiff did not and has not expressly consented to Defendant's robo-calls to Plaintiff's cellphone.

18. Furthermore, on March 30, 2016, during a recorded call, Plaintiff revoked any indicia of consent, demanding that Defendant stop calling him.

19. Despite Plaintiffs explicit revocation, Defendant continued to call Plaintiff and placed approximately fifteen (15), autodialed and prerecorded phone calls to Plaintiff's cell phone after Plaintiff revoked consent.

20. Many of the calls used "an artificial or prerecorded voice" or left pre-recorded messages as described in 47 U.S.C. § 227(b)(1)(A).

---

[3] *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

21. It is apparent that Defendant's calls to Plaintiff's cellphone were made using an ATDS as defined by 47 U.S.C. § 227(a)(1) for the following reasons:

    a. the number of calls in a short period of time;
    b. the consistency of calls;
    c. the number of daily calls;
    d. the consistent pattern of daily call times;
    e. the long initial silence during each call; and
    f. the robotic/prerecorded voice used during calls and voicemails.

22. It is apparent that Defendant's calls to Plaintiff's place of work were made using an ATDS as defined by 47 U.S.C. § 227(a)(1) for the following reasons:

    a. the number of calls in a short period of time;
    b. the consistency of calls;
    c. the number of daily calls;
    d. the consistent pattern of daily call times;
    e. the long initial silence during each call; and
    f. the robotic/prerecorded voice used during calls and voicemails.

23. Defendant's repeated calls were not only time consuming, but abusive and harassing, and deprived Plaintiff of his statutorily created right to be free from such continued privacy intrusion.

24. None of Defendant's phone calls were placed for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

25. Defendant's telephone calls to Plaintiff's cellphone, which were placed through the use of an "artificial or prerecorded voice," and ATDS for non-emergency purposes, and in the absence of Plaintiff's prior express consent, violated 47 U.S.C. § 227(b)(1)(A).

26. Defendant's telephone calls to Plaintiff's place of work, which were placed through the use of an "artificial or prerecorded voice;" and ATDS for non-emergency purposes, and in the absence of Plaintiff's prior express consent, violated 47 U.S.C. § 227(b)(1)(A).

27. Upon information and belief, Plaintiff's experience is typical of that of other consumers, and that Defendant maintains a coordinated program of calling customers using an "automatic telephone dialing system" and/or "an artificial or prerecorded voice."

28. Based on, amongst other things, the incessant number calls placed without consent, and the outrageous volume of calls, Defendant willfully or knowingly violated the TCPA.

29. Even more egregiously, on November 10, 2017, Defendant began placing calls to Plaintiff's employer at xxx-xxx-6333, attempting to collect a debt.

30. Defendant continued to place debt collection calls to Plaintiff's employer, on December 8, 2017, and again on April 20, 2018.

31. Plaintiff did not give Defendant written consent to contact his employer and has not confirmed the debt in writing after it was placed for collection.

32. As a result of the forgoing, Plaintiff has suffered damages including, without limitation violation of statutorily created rights, invasion of privacy, mental anguish, stress, and interference with employment.

## COUNT I
## VIOLATION OF THE TCPA

Plaintiff reaffirms, realleges, and incorporates by reference Paragraphs 1 through 32 as if fully set forth herein.

33. Defendant or others acting on its behalf, placed non-emergency phone calls to Plaintiff's cellphone using an automatic telephone dialing system, and pre-recorded or artificial voice in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

34. Defendant continued to make such calls without Plaintiff's consent.

35. Defendant continued make such calls despite Plaintiff's explicit demand to stop.

36. Defendant willfully or knowingly violated the TCPA.

37. As a result of the forgoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff requests that this Court enter judgment in favor of Plaintiff and against Defendant for: $500.00 dollars in statutory damages for each violation of the TCPA; $1,500.00 dollars in statutory damages for each knowing, or willful, violation of the TCPA; a declaratory judgment that Defendant has violated Plaintiff's rights under the TCPA; a permanent injunction prohibiting Defendant from placing non-emergency phone calls to Plaintiff's cell phone using an automatic telephone dialing system, or pre-recorded and/or artificial voice; actual damages as provided for in the TCPA; litigation costs; and such other or further relief as the Court deems proper.

## COUNT II
## VIOLATION OF THE FCCPA
### (559.72(4))

Plaintiff reaffirms, realleges, and incorporates by reference Paragraphs 1 through 32 as if fully set forth herein.

38. Defendant communicated with Plaintiff's employer before obtaining final judgment against the Plaintiff and without Plaintiff giving his permission in writing to contact his employer or acknowledge in writing the existence of the debt after Plaintiff's debt had been placed for collection.

39. As a result of the forgoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff requests that this Court enter judgment in favor of Plaintiff and against Defendant for: for statutory damages of one thousand dollars ($1,000.00); reasonable attorney's fees and litigation costs; and such other and further relief as the Court deems proper.

## JURY TRIAL REQUEST

Plaintiff respectfully requests a jury trial on all issues so triable.

Respectfully submitted this ____ day of April, 2018, by:

        ZEBERSKY PAYNE, LLP
        110 S.E. 6th Street, Suite 2150
        Ft. Lauderdale, Florida 33301
        Telephone: (954) 989-6333
        Facsimile: (954) 989-7781
        Primary Email:   jshaw@zpllp.com
        Secondary E-mail: mperez@zpllp.com

        _____
        JORDAN A. SHAW, ESQ.
        Florida Bar No. 111771
        KIMBERLY A. SLAVEN, ESQ.
        Florida Bar No. 117964